UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARTY FOR SOCIALISM AND )<br>LIBERATION NEW JERSEY, AMERICAN )<br>MUSLIMS FOR PALESTINE NEW JERSEY, )<br>TOVA FRY a/k/a TERRY KAY, ALTAF SHARIF, )<br>MATT DRAGON, ERIC CAMINS, JANE DOE, )<br>and JOHN DOE )<br>Defendants )<br>_____) | Civil Action No. 2:25-cv-16049 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING CRIMINAL INVESTIGATION**

Plaintiff United States of America respectfully submits this memorandum of law in support of its motion to stay all proceedings in this civil action pending the resolution of a related criminal investigation. This Court has the inherent authority to issue such a stay to promote judicial efficiency, avoid undue prejudice, and protect the integrity of parallel proceedings. As detailed below, the procedural history of this case and relevant case law demonstrate that a stay is appropriate here, particularly given the early stage of litigation and the absence of any prejudice to the parties.

**PROCEDURAL HISTORY**

The United States commenced this civil action on September 29, 2025, with the filing of the complaint in the United States District Court for the District of New Jersey. The complaint alleges violations related to civil rights matters involving the defendants, including the Party for Socialism and Liberation New Jersey, American Muslims for Palestine New Jersey, and individual defendants Tova Fry a/k/a Terry Kay, Altaf Sharif, Matt Dragon, Eric Camins, Jane Doe, and John

1

Doe. To date, no defendants have filed an answer or any responsive motion. The case remains in its nascent stages, with no motion practice, discovery, or scheduling orders yet in place. Given this posture, a stay will not disrupt ongoing litigation activities and instead serves as an efficient measure to align with the related criminal investigation.

## ARGUMENT

### I. THE COURT HAS INHERENT AUTHORITY TO STAY PROCEEDINGS PENDING A RELATED CRIMINAL INVESTIGATION.

Federal courts possess broad discretion to stay civil proceedings when doing so serves the interests of justice, particularly in cases involving parallel criminal matters. This authority stems from the court's inherent power to manage its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In the context of parallel civil and criminal proceedings, courts routinely exercise this discretion to prevent conflicts, such as potential self-incrimination issues or duplicative efforts. *See SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (*en banc*) (noting that stays may be warranted where civil discovery could undermine criminal investigations or vice versa).

In the Third Circuit, this authority is well-established. For instance, in *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998), the court outlined factors for evaluating stays in parallel proceedings, including: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *Walsh Securities,* 7 F. Supp.

2d, at 526-27 (citing *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y.1995)). These factors guide district courts in New Jersey and support granting a stay here.

> **II.   APPLICATION OF RELEVANT FACTORS DEMONSTRATES THAT A STAY IS APPROPRIATE.**

Applying the factors from *Walsh Securities* and similar cases, a stay is warranted in this action. First, there is substantial overlap between the civil claims and the ongoing criminal investigation, as both arise from the same underlying conduct involving the defendants. Courts frequently grant stays in such circumstances to avoid compromising the criminal process. *See, e.g., United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (acknowledging that stays may be appropriate where civil and criminal matters are closely related); *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (affirming stay of civil action pending criminal proceedings to prevent interference).

The second factor is the status of the case. Courts may grant stays when there is a "parallel proceeding" involving an existing civil case and an active parallel criminal investigation. Pre-indictment stays are common to protect the government's investigative interests and prevent premature disclosure that could hinder prosecutions. *See Dresser Industries*, 628 F.2d at 1376 (upholding denial of discovery in civil case to avoid impeding grand jury investigation); *see also Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1203 (Fed. Cir. 1987) (noting that stays are particularly justified during active investigations). Here, the criminal matter remains at the investigative stage, and the government's request for a stay, itself, underscores that the defendants are on notice as potential targets of the investigation. This factor thus weighs heavily in favor of a stay, as it protects both the integrity of the ongoing criminal probe and the defendants' interests. By staying the civil action now, defendants are relieved from the immediate burden of answering

3

or denying the complaint's allegations, which could otherwise implicate their Fifth Amendment rights against self-incrimination or provide potential impeachment evidence in any subsequent criminal trial through inconsistent statements. *See Walsh Securities*, 7 F. Supp. 2d at 527 (granting pre-indictment stay where defendants indicated they would extensively assert Fifth Amendment privileges, particularly in interrogatories and depositions, and noting that such discovery posed a substantial risk of self-incrimination); *id.* (further observing that defendants might hesitate to reveal strategies to potential co-defendants and that civil discovery could harm the government's investigation by disclosing witness testimony). While a plaintiff might typically oppose a stay to expedite resolution, here the United States as plaintiff seeks the stay precisely to avoid potentially jeopardizing either the civil or criminal case through parallel proceedings, which could lead to duplicative efforts and inefficient use of government resources. *See id*. at 527-28 (rejecting alternatives like tailored interrogatories due to foreseeable disputes over Fifth Amendment concerns).

With respect to the third factor, a stay will not prejudice any parties. To the contrary, this litigation is in its infancy with no answers filed, no responsive motions, and no discovery commenced. A stay at this juncture avoids the inefficiencies of proceeding through pleadings, motions, or discovery only to potentially halt later due to criminal developments. Courts have emphasized that early-stage stays minimize prejudice. *See, e.g., Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc*., 87 F.R.D. 53, 56 (E.D. Pa. 1980) (granting stay where civil case was "still in the pleading stage" and no prejudice resulted); *Volmar Distributors, Inc. v. New York Post Co*., 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993) (staying civil antitrust action pending criminal investigation, noting lack of prejudice in early litigation).

Fourth, the burden on the parties is minimal, and a stay would promote judicial efficiency. Proceeding with the civil case could lead to duplicative efforts or conflicts with the criminal investigation, wasting resources. *See Walsh Securities*, 7 F. Supp. 2d at 527 (highlighting efficiency as a key factor). Finally, the public interest favors a stay to ensure the criminal investigation proceeds unimpeded, protecting broader societal concerns. *See id.* at 528.

In sum, these factors align with precedents where stays were granted under similar circumstances. *See, e.g., In re Ivan F. Boesky Securities Litigation*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) (staying civil securities actions pending criminal resolutions); *United States v. Certain Real Property*, 55 F.3d 78, 84 (2d Cir. 1995) (affirming stay in forfeiture action during criminal probe).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its motion and stay all proceedings pending resolution of the related criminal investigation.

DATED: January 20, 2026.                    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney General
Civil Rights Division


 /s/ Jonathan Gross
JONATHAN S. GROSS
Counsel to the Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Constitution Ave., NW

Washington, DC 20530  
(202) 251-0996  
Jonathan.Gross@usdoj.gov