# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | 2:25-CV-16049 |
| Plaintiff | ) | |
| | ) | Motion Day: March 2, 2026 |
| v. | ) | |
| | ) | |
| TOVA FRY, ET AL., | ) | |
| Defendants | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO PLANTIFF'S MOTION FOR A STAY

s/ Julie Fry
27 Lessing Rd
West Orange, NJ 07052.
(646) 338-9148

s/ Ronald L. Kuby
Admitted *pro hac vice*
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, NY 10011
(917) 602-3992

Attorneys for Defendant Tova Fry

DATED: February 5, 2026

# Table of Contents

TABLE OF AUTHORITIES

I.   INTRODUCTION ................................................................................................................ 4

II.  ARGUMENT....................................................................................................................... 6

    A.  PLAINTIFF'S GENERALIZED CONCERNS ABOUT PARALLEL CIVIL AND THREATENED CRIMINAL MATTERS IS EASILY ADDRESSED BY DISMISSAL UNDER RULE 41. ................................................................................... 6

    B.  PLAINTIFF HAS FAILED TO MAKE A SHOWING NECESSARY FOR THIS COURT TO GRANT A COMPLETE STAY OF THESE PROCEDEINGS. ......... 7

III. CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed. Cir. 1987)......................................8

American Board of Internal Medicine v. Rushford, 2015 WL 5164791 (D.N.J. 2015)..............6

Chang v. Able Co., 2025 WL 3653917 (D.N.J. 2025).......................................................8

First Financial Group of Texas, Inc., 659 F.2d 660 (5th Cir. 1981)......................................7

Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53 (E.D. Pa. 1980).................................................................................................................8

In re Ivan F. Boesky Securities Litigation, 128 F.R.D. 47, 49 (S.D.N.Y. 1989).......................8

SEC v. Dresser Industries, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc)..........................7

United States v. Certain Real Property, 55 F.3d 78 (2d Cir. 1995).......................................7

United States v. Private Sanitation Industrious Association, 811 F.Supp. 802, 805 (E.D.N.Y. 1992).................................................................................................................9

Walsh Securities v. Christo Property Management, 7 F.Supp.2d 523, 526 (D.N.J. 1998)........6-9

Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)..............8

## STATUTES

Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248.............................................4

Fed.R.Civ.Proc. Rule 12(b)(6)................................................................................8-9

Fed.R.Civ.Proc. Rule 41.........................................................................................6

## MISCELLANEOUS

Department of Justice, Press Release, *Justice Department Files Lawsuit Under the FACE Act Against Violent Protestors at Synagogue in West Orange, New Jersey* (Sep. 29, 2025), https://www.justice.gov/opa/pr/justice-department-files-lawsuit-under-face-act-against-violent-protestors-synagogue-west...........................................................................................4

Department of Justice, Video, *Justice Department Files Lawsuit Under the FACE Act Against Violent Protestors at Synagogue in West Orange, New Jersey* (Sep. 29, 2025), https://www.justice.gov/opa/video/justice-department-files-lawsuit-under-face-act-against-violent-protestors-synagogue-west ................................................................................................................ 5

Dexter Van Zile, *Breaking: Feds Sue Leftist Foot Soldiers for Hamas in New Jersey*, Middle East Forum (Sept. 29, 2025), https://www.meforum.org/fwi/fwi-news/breaking-feds-sue-leftist-foot-soldiers-for-hamas-in-new-jersey ................................................................................................................ 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | 2:25-CV-16049 |
| | ) | |
| Plaintiff | ) | Motion Day: March 2, 2026 |
| v. | ) | |
| | ) | |
| TOVA FRY, ET AL., | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLANTIFF'S MOTION FOR A STAY**

**I.   INTRODUCTION**

This action was commenced on September 29, 2025, by the Department of Justice (DOJ) filing a civil complaint, issuing a press release announcing a lawsuit "…Against Violent Protestors…", https://www.justice.gov/opa/pr/justice-department-files-lawsuit-under-face-act-against-violent-protestors-synagogue-west, and hosting a press conference in Washington, D.C. At the press conference, Harmeet Dhillon, the head of the Civil Rights Division, called this lawsuit "important" and repeatedly boasted that this was the DOJ's first use of the FACE Act against demonstrators outside of a house of worship. She stated, "[w]we're excited to see this case unfold and hope that others, other instances may also come under our scrutiny this law," adding "[w]ere thrilled to be this aggressive and active and it's only going to ramp up from here." She noted, "I'm not ruling out criminal charges in this case. That's definitely an option. Not only under the FACE Act but potentially under other laws." She referred to defendants' conduct as "an attack on an entire faith community" and stated that the defendant intended to do "evil."

4

https://www.justice.gov/opa/video/justice-department-files-lawsuit-under-face-act-against-violent-protestors-synagogue-west.

Defendant Tova Fry is not excited by the dubious honor of being the first protestor targeted by the Government in this way. She is a seventy-six-year-old mother of two and grandmother of four. She is the daughter of Jewish Hungarian Holocaust survivors. Her aunt fought against the Nazi occupation in Yugoslavia and was killed in action. Defendant has spent her life fighting for social justice and against bigotry in all of its forms. The announcement of the lawsuit triggered a predictable spate of hate-filled news coverage from rightwing supporters of the Israeli government. See, e.g., https://www.meforum.org/fwi/fwi-news/breaking-feds-sue-leftist-foot-soldiers-for-hamas-in-new-jersey.

Defendant was peacefully and legally exercising her First Amendment right to protest a real estate event that encompassed selling occupied Palestinian land to settlers. She served a "cease-and-desist" lawyer's letter at a private home where the event was to be held. From the street, she photographed the service of process left outside of the door. The event was moved to a nearby synagogue. When defendant Fry and others learned of this move, a peaceful and legal demonstration marched toward the new location. At no time did defendant obstruct access to the event, or come close to the entrance. The complaint contains no allegation regarding the specifics of any conduct defendant Fry engaged in outside of the synagogue.

The excitement expressed by the head of the civil rights division has apparently waned; the DOJ comes now and requests a stay, *sine die*, of the proceeding that it initiated. The basis for requesting this extraordinary remedy is the assertion that defendant's conduct is now the subject of a criminal investigation. Perhaps that will provide *even more excitement* at the top levels of the

5

Government of the United States. Yet, it provides no basis for plaintiff, responsible for both this civil action and the alleged criminal investigation, to seek a complete stay of the lawsuit they filed.

##  II.    ARGUMENT

### A. PLAINTIFF'S GENERALIZED CONCERNS ABOUT PARALLEL CIVIL AND THREATENED CRIMINAL MATTERS IS EASILY ADDRESSED BY DISMISSAL UNDER RULE 41.

In making a determination for a stay, "courts must be mindful that the stay of a civil proceeding constitutes an 'extraordinary remedy.'" American Board of Internal Medicine v. Rushford, 2015 WL 5164791 (D.N.J. 2015), quoting, Walsh Securities v. Christo Property Management, 7 F.Supp.2d 523, 526 (D.N.J. 1998). Plaintiff makes no particularized claims as to why *this* civil case should be stayed in its entirety pending the resolution of *this* criminal investigation. Instead, plaintiff cites a curated grab-bag of cases from various jurisdictions, over various decades, that illustrate that sometimes, in some cases, limited stays have been granted when there are parallel civil and criminal cases. Plaintiff suggests that there could be some issues that arise in this case, at some time in the indefinite future, that may make a stay of some parts of the civil case desirable. But plaintiff does not identify anything that needs to be stayed at this juncture of the case.

Plaintiff can obtain the equivalent of a complete stay through the use of a remedy entirely within its own hands: dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Such dismissal would be without prejudice and would "promote judicial efficiency" (Plaintiff Memo at 5), a purported goal of plaintiff, by obviating any further work on this case by the Court, and without the matter lingering on the docket. A Rule 41 dismissal is particularly appropriate here, as plaintiff seeks to stay the entire case, *sine die*, rather than simply stay some aspect of it for some

6

period of time. That dismissing a case brought with such fanfare could be embarrassing to the Government is not a legal reason for this Court to grant a stay.

### B. PLAINTIFF HAS FAILED TO MAKE A SHOWING NECESSARY FOR THIS COURT TO GRANT A COMPLETE STAY OF THESE PROCEDEINGS.

Plaintiff's Memorandum has a casual "nothing to see here" tone and asserts that courts "routinely" issue stays when there are parallel criminal and civil proceedings. P. Mem. at 2. That assertion, reducing an extraordinary remedy to the equivalent of a routine time enlargement, obscures the truly extraordinary posture of this case in the context of the relief sought. First, it is extremely rare for the Government, as both plaintiff and putative prosecutor, to make a motion to stay the proceedings it initiated. It is almost always *defendants* who need to protect their Fifth Amendment rights by seeking a stay, so they are not trapped between their right to remain silent and an adverse inference charge. Indeed, this factor, number four in the Walsh analysis, is often determinative; the six Walsh factors are not assigned even weight. As noted in SEC v. Dresser Industries, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), where defendants sought a stay of the civil proceedings:

> [T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a series offense is required to defend a civil or administrative action involving the same matter, The noncriminal proceeding if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination....

Indeed, all but one of the cases relied upon by plaintiff involve defendants seeking to protect their Fifth Amendment rights. United States v. Certain Real Property, 55 F.3d 78 (2d Cir. 1995) (Defendant in civil forfeiture and criminal action was granted limited stay based on Fifth Amendment concerns over answering interrogatories); First Financial Group of Texas, Inc., 659 F.2d 660 (5th Cir. 1981) (Defendant's motion to stay should have been granted on Fifth

Amendment grounds); Walsh, 7 F.Supp.2d at 528 (Five month stay granted based on defendants' Fifth Amendment concerns); Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (Defendant's motion for stay granted based on Fifth Amendment assertions); Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53 (E.D. Pa. 1980) (Defendant's move for stay citing Fifth Amendment concerns).

Fifth Amendment concerns also govern in the unusual case where a civil plaintiff moves for a stay of its own lawsuit when plaintiff is being investigated criminally. Chang v. Able Co., 2025 WL 3653917 (D.N.J., Dec. 17, 2025). See also, Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed. Cir. 1987) (Plaintiff's Fifth Amendment concerns warranted a stay of the civil case he had brought against the Government).

But defendant is not asserting her Fifth Amendment rights; to the contrary, defendant has requested and received the date of February 20, 2026 (after the return date of this plaintiff's motion) to file her responsive pleading, which will be a motion to dismiss pursuant to Rule 12(b)(6). Defendant does not request the "protection" that plaintiff, after the initial onslaught, now wishes to provide.

Plaintiff goes back more than a quarter century to find one case where the Government was plaintiff, prosecutor, and movant: In re Ivan F. Boesky Securities Litigation, 128 F.R.D. 47, 49, (S.D.N.Y. 1989). Yet, even that fails to support plaintiff's application for a complete stay; it limited the stay to a production of a small group of documents, for a limited period of time. The district court held "[d]elaying the discovery of the few 3500 materials and agency data here sought until, at the latest, 60 days before trial of any one of the civil suits poses no discernible hardship to the [defendants]." Id. at 50. While that holding could become relevant in the future, it is not an argument for a complete stay, and certainly not at this point in the civil proceedings: Defendant's

8

anticipated 12(b)(6) motion is addressed, as it must be, solely on the sufficiency of the pleadings and hence, cannot possibly implicate any discovery concerns.

The other Walsh factors, while generally less significant to the determination, for the most part also favor defendant. First, it does appear that the subject matter of the civil case and the hypothetical criminal case overlap; but this simply is a threshold issue for the Court before it addresses other factors. Second is the status of the *criminal* case,[1] including whether defendants' have been indicted. Walsh, 7 F.Supp. at 527. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned," and "*pre*-indictment requests for a stay are generally denied." Id. (emphasis in original), citing, United States v. Private Sanitation industrious Association, 811 F.Supp. 802, 805 (E.D.N.Y. 1992). Third, plaintiff-movant has not identified any prejudice it will suffer as a result of continuing the case it initiated along with a criminal case that it may initiate. As to the fifth factor, this Court has a strong interest in moving its caseload forward and indefinite stays are particularly disfavored. Walsh, 7 F.Supp. at 528.

Finally, there is the public interest. While most civil cases are simply a matter of whether A pays money to B, or vice versa, this one is different. Plaintiff created a widespread public interest by filing this case amidst its flurry of press announcements, lauding its own initiative, and damning the defendants. Plaintiff announced that this lawsuit is "important." Defendant has been publicly denounced by the Government as someone who attacks Jews at worship and "evil." She has been

---

[1] Plaintiff appears to assert this factor encompasses the status of the civil case as well. It does not. See, Walsh, 7 F.Supp. at 527 (The stage of the parallel criminal proceeding may also substantially affect the determination of whether a stay is warranted). Unlike the situation in Walsh, defendant is not aware of any search warrants being executed or subpoenas served. Id. And defendant has been on notice of the possibility of criminal charges since the September 29, 2025, press conference, the day this instant complaint was filed.

labelled a Hamas supporter and enabler of terror in the press. The Government now wants to stop her from answering these allegations.

Further, this lawsuit, brought on these facts, has a chilling effect on others who would peacefully and legally protest. Resolution of this civil case, the first of its type, should provide valuable guidance to all persons regarding what conduct in the form of protest can, and cannot, result in sanctions by the Government. Such guidance is particularly timely as Americans across the country are in the streets protesting.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's motion for a stay should be denied.

Respectfully submitted,

s/ Julie Fry
27 Lessing Rd
West Orange, NJ 07052.
(646) 338-9148

s/ Ronald L. Kuby
Admitted *pro hac vice*
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, NY 10011
(917) 602-3992

Attorneys for Defendant Tova Fry

DATED: February 5, 2026