# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY, AMERICAN MUSLIMS FOR PALESTINE NEW JERSEY, TOVA FRY a/k/a TERRY KAY, ALTAF SHARIF, MATT DRAGON, ERIC CAMINS, JANE DOE and JOHN DOE,<br><br>                Defendants. | Hon. Katherine S. Hayden, U.S.D.J.<br><br>Hon. José R. Almonte, U.S.M.J.<br><br>Civil Action No. 2:25-cv-16049 |

## DEFENDANT ALTAF SHARIF'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY

SUMNER LAW LLP
300 CARNEGIE CENTER DRIVE, SUITE 150
PRINCETON, NEW JERSEY 08540

RECHT KORNFELD, P.C.
90 BROAD STREET, SUITE 703
NEW YORK, NEW YORK 10004

*ATTORNEYS FOR ALTAF SHARIF*

ON THE BRIEF:
SONYA M. SUMNER
DREW W. SUMNER
CHRISTOPHER P. BEALL
JEREMIAH RYGUS

Motion Return Date:   March 3, 2026

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………....…1

ARGUMENT……………………….…………………………………………………...2

    Point I. The Government has Failed to Articulate Specific Circumstances that Would Justify a Stay in These Proceedings…………………………….....2

    Point II. When Applying the Factors from *Walsh* Here, the Facts Weigh Against Granting the Request for a Stay………...……………………………..6

CONCLUSION…………………………….………………………………………..12

# TABLE OF AUTHORITIES

**Cases**

*Clinton v. Jones*, 520 U.S. 681, 708, (1997)..................................................5
*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (D.N.J. 2004)..5
*Forrest v. Corzine*, 757 F. Supp. 2d 473 (D.N.J. 2010)....................................4
*Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)...........................................4, 5
*Landis v. North American Company*, 299 U.S. 248 (1936).........................4, 5
*Nken v. Holder*, 556 U.S. 418 (2009)...........................................................4
*Securities and Exchange Commission v. Dresser Indus.*, 628 F.2d 1368
   (D.C. Cir. 1980).....................................................................................10
*United States v. Pechiney Plastic Packaging Inc.*, 2013 U.S. Dist. LEXIS 92664,
   2013 WL 3336792 (D.N.J. 2013)..............................................................5
*United States v. Private Sanitation Indus. Ass'n.*, 811 F. Supp. 802
   (E.D.N.Y. 1992) at 805............................................................................7
*Virginian R. Co. v. U.S.*, 272 U.S. 658, 672 (1926).......................................4
*Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523 (D.N.J. 1998).................6

**Rules**

Fed. R. Civ. P. § 41(a)(1)(A)...............................................................4, 12

## PRELIMINARY STATEMENT

It is an extraordinary situation when the plaintiff who commenced a civil action seeks a stay because of a prospective criminal investigation the plaintiff itself has allegedly opened against the defendants. Even more extraordinary is when the plaintiff does so over the objection of the defendants. Yet that is the situation here. The Government of the United States, refuses to concede its error in filing this meritless civil action. Instead, it seeks the Court's blessing to conceal its error and avoid public scrutiny. This case is baseless. The prospective criminal investigation will prove to be baseless as well. The events at issue here have been investigated thoroughly by police, and the Essex County Prosecutor's Office, who have filed an actual, not prospective, indictment in connection with these events. In that parallel proceeding, Altaf Sharif is the victim, and the other individual defendants here are the State's witnesses. Regardless of what happens here, there will be no stay in that proceeding.

Mr. Sharif has an interest in litigating this civil matter. The Department of Justice, allied with the defendants in the State prosecution, has vilified Mr. Sharif in the press, on social media, and in this case. It has fabricated facts and misrepresented events of that night to depict Mr. Sharif as a violent, antisemitic, menace. It has held press conferences from our nation's capital in which high government officials have blatantly lied to the public about Mr. Sharif and the other defendants. This campaign

1

of misinformation has cost him his reputation, his career, and now threatens his freedom. To the extent the Government's motion argues that a stay would benefit the defendants, Mr. Sharif respectfully declines.

The Government can dismiss this civil action, under Fed. R. Civ. P. § 41(a)(1)(A), and if Mr. Sharif is to be denied the opportunity to answer these allegations, a voluntary dismissal is the only appropriate mechanism for doing so. Otherwise, Mr. Sharif seeks to vindicate his good name through a motion to dismiss on the merits that will show the flagrant misrepresentations by the Government in this case.

## ARGUMENT

### I. THE GOVERNMENT HAS FAILED TO ARTICULATE SPECIFIC CIRCUMSTANCES THAT WOULD JUSTIFY A STAY IN THESE PROCEEDINGS

In its Motion to Stay these civil proceedings, Plaintiff makes vague, generalized arguments but fails to articulate a specific reason why the Court should take the extraordinary measure of staying these proceedings indefinitely. The bulk of its application is spent attempting to convince the Court that stays can, and do, occasionally occur. That point is not in dispute. But when it comes to specific reasons as to why a stay is appropriate in *this* proceeding, the Government relies on general principles rather than facts. It argues that a stay "protects both the integrity of the ongoing criminal probe and the defendant's interests. By staying the civil

action now, defendants are relieved from the immediate burden of answering or denying the Complaint's allegations[.]" *Pl.'s Mem. of Law at 3*. However, the Government fails to mention how the integrity of a prospective criminal probe is threatened by these civil proceedings, and Mr. Sharif has been waiting for his opportunity to answer the Complaint's allegations.

The Government goes on to further argue that the defendants should not be put in the position of choosing between asserting their Fifth Amendment rights and effectively litigating their civil case. But that argument is Mr. Sharif's to make, not the Government's, and he is not requesting this stay. The Government fails to point out that Mr. Sharif is already a participant in a parallel criminal case, as the crime victim. Indictment Number 2025-10-2290, filed in the Superior Court of New Jersey, Essex County, has been proceeding for approximately a year. Mr. Sharif is the victim mentioned in the indictment and the chief witness for the state. His videotaped statement to the police regarding the incidents of that night, along with the statements of other named defendants, are already in the possession of the Government. The proverbial cat is already out of the bag.

Next, the Government argues that it is seeking the stay "precisely to avoid potentially jeopardizing either the civil or criminal case through parallel proceedings, which could lead to duplicative efforts and inefficient use of government resources." *Pl.'s Mem. of Law at 4*. Again, the Government fails to

articulate an actual need for the stay and instead relies on vague assertions like "potentially jeopardizing" and "could lead to..." Its own motion makes clear that a need for a stay has yet to materialize and may never actually be needed.

In *Forrest v. Corzine*, 757 F. Supp. 2d 473 (D.N.J. 2010), this court denied a stay when the moving party failed to demonstrate the necessity for such an extraordinary measure. The court continued, describing the tools available to manage a proceeding, and civil discovery in particular, to ensure that if an actual issue arises, a party's interest can be protected. In failing to articulate a specific need for the requested stay, the moving party did not meet their burden of demonstrating to the court the need for such an extreme measure and their motion was denied.

And though the Government cites *Landis v. North American Company*, 299 U.S. 248 (1936) in its motion, it completely misconstrues the Court's holding. In *Landis*, the Supreme Court held that the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay […] will work damage to [someone] else." *Landis* at 255; *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result." (quoting *Virginian R. Co. v. U.S.*, 272 U.S. 658, 672 (1926)). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Virginian R.*, 272 U.S. at 672-673; *see also Hilton v. Braunskill*, 481 U.S. 770, 777

4

(1987) ("[T]he traditional stay factors contemplate individualized judgments in each case."). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis*, 299 U.S. at 255.

It is the party seeking the stay that bears the burden of proof. Thus, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255. Indeed, the proponent of the stay must state a clear countervailing interest to abridge a party's right to litigate. *See CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3rd Cir. 2004). Moreover, when the stay requested is of an indefinite duration, the party seeking same must establish "a pressing need" for the stay. *Landis*, 299 U.S. at 255; *see also U.S. v. Pechiney Plastic Packaging Inc.*, No. 09-5692 (PGS), 2013 U.S. Dist. LEXIS 92664 at *10-11, 2013 WL 3336792 (D.N.J. July 2, 2013) (internal quotations omitted).

The party requesting a stay bears the burden of showing why the request should be granted, and such requests are only granted when a clear case of hardship or inequity has been made. The Government has failed to do so here, and for that reason its motion should be denied.

## II. WHEN APPLYING THE FACTORS FROM *WALSH* HERE, THE FACTS WEIGH AGAINST GRANTING THE REQUEST FOR A STAY

In their application, the Government correctly points to *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523 (D.N.J. 1998) for the factors that courts in this district weigh when deciding a motion to stay proceedings. In *Walsh*, the Court laid out the six factors that should be considered when deciding a motion to stay. Those factors are addressed in turn below; however, it must be kept in mind that in *Walsh*, it was the defendant who sought the stay of civil proceedings.

**A. Similarity of Issues**

In its Motion to Stay, the Government did not make any specific representations about the nature or scope of the alleged prospective criminal investigation. Mr. Sharif has not received a letter informing him that he is the target of any investigation, nor has the Government communicated with his attorneys despite multiple efforts on behalf of the defense to confer. In all likelihood, it is still too early for the Government to make an affirmative representation as to whether it even believes there are criminal charges that can actually be brought. Based on the investigation that has already occurred in this matter, and the video evidence that has already emerged, the answer to that question is likely no. Irrespective of the likelihood of their success on the merits, the Government has not even informed the

Court which criminal charges are being "investigated," and therefore cannot say that the issues are similar, conclusory statements notwithstanding.

### B. Stage of Parallel Criminal Proceeding

The *Walsh* court indicated that the strongest case for a stay of discovery in a civil proceeding is after an indictment has been filed. This makes sense when, as in *Walsh*, an indicted criminal defendant seeks a pause in civil discovery to avoid being forced to assert his Fifth Amendment rights and jeopardize his ability to further defend against the civil action. However, two important distinctions exist here. First, there is no indictment. To be more specific, there is no evidence that a criminal investigation has actually commenced other than the Government's meager assertion that there is a related criminal investigation. And second, distinguishable from *Walsh*, the moving party is not seeking to assert any Constitutional rights such as the Fifth Amendment here. In fact, no party has indicated a need to do so at this point. Courts have been clear, because there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, pre-indictment requests for a stay are generally denied. *U.S. v. Private Sanitation Indus. Ass'n.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992).

### C. Prejudice to Plaintiff

In *Walsh*, and in virtually all other situations where courts have grappled with a request to stay proceedings, it is the defendant, not the plaintiff seeking the stay.

7

The reasons for that are obvious. In this case, however, it is in fact the plaintiff who is seeking the stay. Put another way, it is the party who initiated these proceedings, and the party who has the power and ability to terminate them, who seeks the stay from the Court. That distinction cannot be overlooked. Not only is the plaintiff seeking the stay here, but the plaintiff is essentially the same party as the plaintiff in the allegedly prospective criminal proceedings. The United States Government brought this civil action, and it is the United States Government who would be investigating and bringing any parallel criminal proceeding. Any hypothetical prejudice to the plaintiff could be avoided by the plaintiff simply dropping the civil case. The only prejudice the Government alleges in its motion is a desire to conserve resources, a conservation that it can achieve unilaterally with a voluntary dismissal.

### D. Burden on the Defendant

Again, in *Walsh*, the defendant was the moving party, and as such the *Walsh* Court addressed this factor as it would if the defendants here were the moving party. Mr. Sharif is not seeking a stay; he is opposing it. Additionally, the *Walsh* Court was concerned with the moving party's Fifth Amendment rights and the implication of asserting them on the parallel civil matter. Mr. Sharif is not asserting his right against self-incrimination here. Unlike *Walsh*, the burden on the defendant here comes from the prospect of granting the stay.

Mr. Sharif would be harmed by permitting the Government to place this civil prosecution on hold indefinitely. Plaintiff has actively engaged in a public smear campaign against Mr. Sharif since the inception of this case. His character and reptation have been attacked mercilessly in the press and online, fueled by the Government's public commentary and misrepresentations. He has been portrayed as a villain merely exercising his constitutionally protected right to free speech. He should be afforded the right to answer to those allegations and to deny the false narrative advanced by the Government. The Complaint filed in this matter is filled with allegations that are demonstrably false, and if the Government is not going to take the trouble to ensure that the record is accurate, Mr. Sharif deserves the right to correct it himself. Granting the government's request for a stay would deny him that opportunity.

Additionally, granting a stay in this matter would be unreasonably burdensome on Mr. Sharif as having a case pending indefinitely, whether criminal or civil, is stressful, burdensome, and causes an unwarranted degree of uncertainty. Despite the way the Government frames it, this civil action has more in common with a criminal prosecution than a typical civil action. For starters, the civil complaint here is brought under an act that permits both civil and criminal penalties. He is a named party in a publicly filed Complaint that carries the risk of incarceration, and it is unreasonable to assume that future employers, neighbors, and

9

others will be able to distinguish that this matter was brought as a civil action. The constitutional right to a speedy trial does not apply here, but the principles that underpin it do. Allowing the Government to pause this civil prosecution indefinitely places an unreasonable and unfair burden on Mr. Sharif. If the Government does not want to litigate two cases concurrently, it should dismiss this one.

### E. Interests of the Court

The *Walsh* Court expressed a concern for judicial efficiency and courts' ability to manage their caseload. Mr. Sharif respects those concerns, and to the extent that this Court shares them, they should be considered when weighing these factors. That said, at this moment, there is no concurrent or parallel case, there is only this civil prosecution.

### F. The Interest of the Public

Finally, the last factor considered in *Walsh*, is the interest of the public. Again, the considerations here may be inverted, but the analysis is largely the same. When defendants have sought a stay, in cases brought by government agencies intended to protect the public, courts have routinely denied the request. Courts are especially likely to deny a motion to stay when there is a need to prevent the dissemination of misleading information to the public. *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).

The public has a need for clarification here. Mr. Sharif was exercising his First Amendment rights while attending a sanctioned protest with a police escort. During that protest, counter-protestors sprayed him with a chemical agent and battered him with a flashlight, sending him to the hospital. Now, he is facing civil, and potentially criminal, prosecution for attending that protest and complying with police instructions. There are hours of police bodycam footage of this protest that depict the protestors, and Mr. Sharif in particular, complying with police directives and believing that they were breaking no laws. The public spectacle that accompanied the filing of this matter ensured a chilling effect on many forms of protected speech if the public is not subsequently given guidance from the courts as to when and how their speech might be curtailed.

Perhaps that was the intent of the Government all along, but this Court should not acquiesce. Anecdotally, people are discussing this case in New Jersey and New York in coffee shops and living rooms. If American citizens are going to be subjected to prosecution for attending protests with a police escort, they deserve to know. Despite the flagrant misrepresentations told in the Government's Complaint, the protestors obeyed virtually every single police directive and even complied with optional requests. There was no violence, nor threat of violence, until Mr. Sharif was pepper-sprayed in the face by a counter-protestor. The American people are entitled

to know if they are still permitted to voice dissent in a lawful manner, an outcome that will be indefinitely delayed if the Government's motion is granted.

Mr. Sharif is confident that when this Court examines the record that the Government has incorporated by reference into its Complaint, it will agree that he did not violate any laws. But if he is wrong, the country, as a whole, needs to know that too. Politically and civically engaged people, on all sides of the political spectrum, need to be informed if marching on a public sidewalk, with a police escort, is no longer a lawful activity in this country. This case should not linger in prosecutorial purgatory indefinitely. It should move ahead or be dismissed.

## CONCLUSION

For all the reasons stated herein, Defendant ALTAF SHARIF respectfully requests that the Court deny Plaintiff's motion in its entirety. Plaintiff has the ability to obtain the relief it seeks by dismissing the civil action pursuant to Fed. R. Civ. P. § 41(a)(1)(A), and as such, denying the Government's motion will have no prejudicial effect on the Plaintiff.

Respectfully submitted,

Dated: February 9, 2026

s/ Sonya M. Sumner
Sonya M. Sumner
Drew W. Sumner
SUMNER LAW LLP
300 Carnegie Center Drive, Suite 150
Princeton, New Jersey 08540

Jeremiah Rygus
Christopher P. Beall
RECHT KORNFELD, P.C.
90 Broad Street, Suite 703
New York, New York 10004

*Attorneys for Defendant Altaf Sharif*