IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------x

UNITED STATES OF AMERICA,                               Civil Case No.: 2:25-cv-16049

        *Plaintiff(s)*,

  -against-                                                              **DEFENDANT'S OPPOSITION TO STAY**

PARTY FOR SOCIALISM AND LIBERATION
ET AL.,

        *Defendant(s)*.

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR STAY

Defendant Eric Camins, by his attorneys, files this Memorandum of Law in opposition to Plaintiff Department of Justice's motion to stay these proceedings. Mr. Camins joins in the arguments asserted by other defendants who have already filed opposition.

Eric Camins participated as a safety marshal in the protest in question. The Government's accusation that he was "motivated" by "antisemitic animus" is false. He is a proud Jewish man, father, devoted husband, student working to become a nurse, and a pillar of his community known to speak up for those who can't always safely practice their First Amendment rights. The false insinuation by the Government that he is someone who attacks Jews, has greatly harmed his reputation and made him a target for hate speech. The Government's application for a stay of the proceedings, if granted, would only serve to preserve this unacceptable and dangerous status quo, and to prevent him from clearing his name.

## ARGUMENT

The federal government apparently now has no compunction in suing and, it appears, prosecuting anyone, Jewish people included, for mere criticism of Israel or support of the Palestinian

people, despite the near unanimity of recent case-law confirming that anti-Zionism is not antisemitism,[1] *StandWithUs Ctr. for Legal Just. v Massachusetts Inst. of Tech.,* 2025 U.S. App. LEXIS 27390, at *18 (1st Cir Oct. 21, 2025, No. 24-1800); *Landau v. Corp. of Haverford Coll.,* No. 24-2044, 2025 U.S. Dist. LEXIS 1402, at *4-5 (E.D. Pa. Jan. 6, 2025) *Canel v Art Inst. of Chicago,* 2025 US Dist LEXIS 30309, at *24-25 (ND Ill Feb. 20, 2025, No. 23 CV 17064); *Gerwaski v Nevada ex rel. Bd. of Regents of the NV Sys. of Higher Educ.,* 2025 US Dist LEXIS 84645, at *21-22 (D Nev May 5, 2025, No. 2:24-cv-00985-APG-MDC); *Newman v. Point Park Univ.,* No. 2:20-cv-00204, 2022 U.S. Dist. LEXIS 60722, at *78-79 (W.D. Pa. Mar. 31, 2022).

Under the circumstances, Mr. Camins and counsel are justifiably concerned that the real purpose of the federal government may lie merely in bringing these cases-- and talking about them-- rather than in winning them. For example, despite the January 27 motion for a stay, ,Assistant Attorney General Harmeet Dhillon, head of the Civil Rights Division, invoked the instant case in comments made at a public conference at George Washington University a few days ago, on Tuesday, February 10: "'It was our pioneering application of the FACE Act to defend Jewish synagogues that paved the way for its use to defend churches'...Dhillon cited a civil lawsuit filed by the Justice Department against protesters accused of disrupting services at a synagogue in West Orange, New Jersey, calling the case a first-of-its-kind application of the law in that context."  The  "presumption of regularity that has been previously extended to [the federal government] that it could be taken at its word—with little doubt about its intentions and stated purposes—no longer holds. When [the government], in this case, conveys assurances... it must be thoroughly scrutinized and squared with its open and public statements to the contrary",[2] *United States v Oregon,* 2026 US Dist LEXIS 25259, at *34 (D Or Feb. 5, 2026, No.

---

1 Even antisemitic pronouncements are, of course, First Amendment-protected expression, as are all offensive and unpopular statements which do not fall within an existing First Amendment exception, such as "true threat", *Snyder v. Phelps,* 562 U.S. 443 (2011). Denying a stay and permitting the defendants to proceed to make motions to dismiss will allow development of the argument that the First Amendment bars any such civil litigation against, let alone criminal prosecution of, these defendants under the FACE Act.

2 The government's lack of good faith in bringing this action is indicated by its decision about a year ago no longer to use the FACE Act to prosecute protesters outside reproductive health clinics. "Mr. Trump pardoned 10 defendants who were

6:25-cv-01666-MTK) The impact of granting a stay will be to allow the Justice Department to keep talking about the case, without the need actually to litigate it-- an outcome which would be very harmful to Mr. Camins, who has only the judicial process itself available to him to establish the truth and to clear his name.

Granting a stay in this matter would inflict substantial and ongoing prejudice on Defendant by indefinitely prolonging unresolved allegations advanced by the federal government itself, while denying Defendant any meaningful opportunity to seek dismissal on constitutional or statutory grounds. The government is asking for a stay until a criminal investigation concludes-- these can take years. Because the prejudice to Defendant is concrete and continuing, and the Government has identified no countervailing necessity for delay, the extraordinary relief of a stay is unwarranted. "[D]iscretion [is] abused by a stay of indefinite duration in the absence of a pressing need", *Landis v N. Am. Co.,* 299 US 248, 255 (1936).

On the other hand, denying the Government's request for a stay would not impose any cognizable hardship or inequity on Plaintiff. The Government initiated this action, controls the scope and pace of its litigation strategy, and has identified no parallel proceeding, jurisdictional obstacle, or practical impediment that would prevent it from proceeding in the ordinary course. Courts routinely deny stays where the moving party fails to demonstrate a clear hardship beyond the ordinary demands of litigation, particularly where, as here, the requested delay would serve only to postpone judicial review.

---

charged with violating the FACE Act after prosecutors said they had formed a blockade at a Washington, D.C., reproductive healthcare center in 2020". Vice President Vance said in a speech to the annual March for Life rally, "No longer will our government throw pro-life protesters and activists, elderly grandparents or anybody else in prison." Nicole Sganga and Robert Legare, "Trump Justice Dept. limits enforcement of FACE Act", *CBS News,* https://www.cbsnews.com/news/trump-face-act-abortion-related-actions-justice-department/

## **CONCLUSION**

A stay would unfairly prejudice Mr. Camins, chill protected expression, and reward the Government's effort to control the narrative while avoiding judicial scrutiny. The interests of justice, constitutional accountability, and basic fairness all compel denial of Plaintiff's motion.

For these reasons, the Court should deny the motion for a stay in its entirety and permit the defendants to proceed with dispositive motions without further delay.

Dated: February 14, 2026

Fatima Maryam
118-21 Queens Blvd, Suite 606,
Forest Hills, NY 11375
516-631-4266
lawoffice@fatimamaryamlaw.com


Jonathan Wallace
PO #728
Amagansett NY, 11930
917-359-6234
jonathan.wallace80@gmail.com
Admitted pro hac vice