UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY, AMERICAN MUSLIMS FOR PALESTINE NEW JERSEY, TOVA FRY a/k/a TERRY KAY, ALTAF SHARIF, MATT DRAGON, ERIC CAMINS, JANE DOE, and JOHN DOE,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:25-CV-16049 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR STAY**

　　　　The Civil Rights Division of the United States Department of Justice filed this case to great fanfare in September 2025, accompanying the filing with a twenty-minute press conference. It has staffed the case with high-level political appointees instead of career counsel or representatives of the local United States Attorney's Office. The DOJ now moves to stay its own case—an unusual maneuver, as the DOJ's motion admits. Defendant Matt Dragon opposes the motion to stay these proceedings, at least insofar as it applies to his forthcoming

1

motion to dismiss. In addition to the arguments below, Dragon joins in the arguments asserted by other defendants who have already filed opposition.

Matt Dragon, like his codefendants, looks forward to showing this Court and his community that his actions, role, and motives bear no resemblance to the DOJ's unseemly depiction of him. A Johns Hopkins-trained computer scientist, Dragon is an active community volunteer. He is currently Deputy Director of West Orange's Community Emergency Response Team, helping to supervise and direct some thirty volunteers trained to assist the West Orange Fire Department and other first responders in emergencies. Dragon also serves as a journalist for the award-winning news publication, *Public Square Amplified*, where he has written about electoral politics, police response to persons with mental health crises, and the human toll of ICE's aggressive immigration enforcement.

The false claim by the DOJ Dragon led a "mob" that "surged through [a] police line" is especially harmful to him given his regular work with police and fire personnel. If the DOJ's application for a stay is granted, it will unreasonably and harmfully delay Dragon from clearing his name with people and agencies he has worked with for fifteen years.

## ARGUMENT

1.     As the party seeking the stay, Plaintiff has the burden of demonstrating a that there is a "clear case" it will suffer hardship or inequity if the matter goes forward. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The DOJ will suffer no hardship at all if the case proceeds, at least through the adjudication of any pre-discovery motion to dismiss. In fact, it is Dragon who has suffered obloquy at the hands of the very party now seeking to prolong his stigma. Although the DOJ has not scrupled to say what it might try to charge Dragon with, if it is a FACE Act violation, the statute of limitations is five years. 18 U.S.C. § 3282. A stay through that limitations period would mean that the DOJ could frustrate Dragon's quest for exoneration for another fifty-seven months. That is why the law demands that Plaintiff demonstrate a "clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 139 (3rd Cir. 2004).

2.     The extent to which the civil and criminal issues overlap matters greatly. (*Maloney v. Gordon*, 328 F.Supp. 2d 508, 511-512 (D. Del. 2004).) Pre-indictment requests for stays are routinely denied because without an indictment, any overlap at all, much less one causing hardship, is purely speculative. (*Barker v. Kane*, 149 F. Supp. 3d 521, 526 (M.D.Pa. 2016).) Such speculation is all the 'more frustrating here where Plaintiff has relied heavily upon "shotgun style" pleadings that inappropriately lump defendants together and obstruct the Court's task of

weeding out frivolous claims.at the early stage. (*Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). Even now, the DOJ's motion does not describe the nature of the investigation with any meaningful particularity. *Cf. Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (defendants were informed that they were targets of the investigation, and Government had executed search warrants and issued subpoenas). This obfuscation also thwarts an examination of which claims, if any, overlap, and whether this might actually cause harm.

    3.    At its very best the Plaintiff's motion is premature as it is impossible to predict when this investigation might end or what its result shall be. (*Id.*, at 528-529). The Court also has additional tools, short of a full stay of all proceedings, to accommodate the parties' interests. *See SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (describing how in some circumstances involving parallel proceedings "the courts may adequately protect the government and the private party by merely deferring civil discovery or entering an appropriate protective order").

## **CONCLUSION**

Granting a stay will only leave a cloud hanging over Dragon's work with first responders while denying him any opportunity to win dismissal of his case even though there are ample grounds for it.  Denying a stay will work no hardship on the DOJ, which—if it has concerns about parallel proceedings–always retains the ability to seek dismissal of the civil case without prejudice to later refile.

We respectfully ask the Court to deny Plaintiff's motion for a stay.

Respectfully submitted,

Dated:  February 17, 2026		By: /s/Renée Steinhagen
						Renée Steinhagen, Esq.
						NJ Appleseed
						23 James Street
						Newark, NJ 07102
						973-735-0523
						renee@njappleseed.org

						Mark Kleiman, Esq.
						KLEIMAN / RAJARAM
						12121 Wilshire Blvd., Ste. 810
						Los Angeles, CA  90025
						Tel:  310-392-5455
						Fax: 310-306-8491
						Email:  mark@krlaw..us
						*(Admitted pro hac vice)*

						Attorneys for Defendant
						MATT DRAGON