UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIVIL ACTION NO.
2:25-CV-16049

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PARTY FOR SOCIALISM AND LIBERATION
    NEW JERSEY, ET AL.,

        Defendants.

**AMP-NJ'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR A STAY**

Plaintiff USA has failed to carry its burden of showing that the extraordinary remedy of a complete stay of these proceedings is appropriate.

"Courts must be mindful that the stay of a civil proceeding constitutes an 'extraordinary remedy.'" *American Board of Internal Medicine v. Rushford*, 2015 WL 5164791 (D.N.J. 2015) (quoting *Walsh Securities v. Christo Property Management*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)). Plaintiff makes no particularized argument as to why this civil case should be stayed in its *entirety* pending the resolution of a criminal *investigation*. Plaintiff suggests that there could be some issues that arise in this case, at some time in the indefinite future, that may make a stay of some parts of the civil case desirable. But plaintiff does not identify anything that needs to be stayed at this juncture of the case.

It is true that courts have sometimes granted *limited* stays when there are parallel civil and criminal cases. But a complete stay of this matter, on the *government plaintiff's* motion, would be an extraordinary remedy.

First, there is no clear evidence that American Muslims for Palestine New Jersey (AMP-NJ) is actually imminently subject to criminal proceedings. If that were the case, it might be *defendant* who would move for a stay, in order to protect its Fifth Amendment rights in civil discovery proceedings -- trapped between their right to remain silent and an adverse inference charge, which is allowed in civil but not criminal proceedings.

For example, in *SEC v. Dresser Industries*, defendants sought a stay of the civil proceedings:

> [T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a series offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination.

628 F.2d 1368, 1375 (D.C. Cir. 1980) (*en banc*).

Indeed, all but one of the cases relied upon by plaintiff involve defendants seeking to protect their Fifth Amendment rights. *See United States v. Certain Real Property*, 55 F.3d 78 (2d Cir. 1995) (defendant in civil forfeiture and criminal action was granted limited stay based on Fifth Amendment concerns over answering interrogatories); *First Financial Group of Texas, Inc.*, 659 F.2d 660 (5th Cir. 1981) (defendant's motion to stay should have been granted on Fifth Amendment ground); *Walsh*, 7 F. Supp. 2d at 528 (five-month stay granted based on defendants' Fifth Amendment concerns); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36 ___ (S.D.N.Y. 1993) (Defendant's motion for stay granted based on Fifth Amendment assertions); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53 (E.D. Pa. 1980) (defendant's move for stay citing Fifth Amendment concerns).

Fifth Amendment concerns also govern in the unusual case where a civil plaintiff moves for a stay of its own lawsuit when *plaintiff* is being investigated criminally – another situation not

2

presented here. *See, e.g., Chang v. Able Co.*, 2025 WL 3653917 (D.N.J., Dec. 17, 2025); *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198 (Fed. Cir. 1987) (plaintiff's Fifth Amendment concerns warranted a stay of the civil case he had brought against the Government).

But, at least at this juncture and in the context of plaintiff's motion, defendant AMP-NJ is not asserting its Fifth Amendment rights.[1] To the contrary, defendant AMP-NJ has requested and received the date of February 20, 2026, to file its responsive pleading to the complaint, which will be a motion to dismiss pursuant to Rule 12(b)(6).

Plaintiff cites a single case where the Government was plaintiff, prosecutor, and movant for stay: *In re Ivan F. Boesky Securities Litigation*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989). Yet even that case fails to support plaintiff's motion for a *complete* stay; it limited the stay to production of a small group of documents, for a limited period of time. *Id.* at 50. While that holding could become relevant in the future, it is not an argument for a complete stay, nor for a stay at all, at this point in the civil proceedings. Defendant's 12(b)(6) motion will address the sufficiency of the pleadings and would not possibly implicate any discovery concerns.

The other relevant factors, while generally less significant to deciding whether a stay is appropriate, for the most part also favor defendants in this motion. For example, the current nascent status of a potential *criminal* case is in defendants' favor. Unlike the situation in *Walsh*, defendant AMP-NJ is not aware of any search warrants being executed or subpoenas served regarding it. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned"; "*pre*-indictment requests for a stay are generally denied." *Walsh*, 7 F. Supp. at 527 (emphasis in original) (citing *United States v. Private*

---

[1] Defendant AMP-NJ of course reserves its right to seek a stay or other Fifth Amendment-related protections if indeed it is named in a criminal complaint.

3

*Sanitation industrious Association*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992)).

Nor has plaintiff-movant identified any prejudice it will suffer as a result of continuing the civil case *it initiated*, along with a criminal case that it may at some point file.

Another factor is that courts in general have a strong interest in moving their caseloads forward, and therefore, indefinite stays are particularly disfavored. *Walsh*, 7 F. Supp. at 528.

Finally, plaintiff itself created a widespread public interest in this matter by filing this case amidst a flurry of prominent press announcements, asserting that this lawsuit is "important," and the first of its kind. In doing so, plaintiff publicly denounced the defendants in this lawsuit as "evil" groups and individuals who attack Jews at worship. Now the government wants to stop defendants from answering these outrageous allegations.

This high-profile lawsuit is likely to have a chilling effect on protest. At a time when people are rising up in the streets, across the United States, resolution of this civil case (according to the government plaintiff the first of its type) is crucial – it will provide valuable guidance regarding what types of protest may result in governmental prosecution and other sanctions.

Plaintiff could of course voluntarily dismiss this civil case pursuant to Federal Rule of Civil Procedure 41. Such dismissal would be without prejudice and would "promote judicial efficiency" (*see* Plaintiff's Memo at 5), a purported goal of plaintiff, by obviating any further work on this case by the Court, and without the matter lingering on the docket. A Rule 41 dismissal is particularly appropriate here, as plaintiff seeks to stay the entire case, rather than simply stay some aspect of it for some period of time.

For the foregoing reasons, plaintiff's motion for a stay should be denied.

Respectfully submitted,

4

Dated: February 17, 2026                                              /s/ Saad Admani

Saad Admani, Esq.
Admani Law LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
(201) 502-5243
sadmani@admanilaw.com

Attorneys for Defendant
American Muslims for Palestine
New Jersey

5