# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY;<br><br>AMERICAN MUSLIMS FOR PALESTINE NEW JERSEY;<br><br>TOVA FRY a/k/a TERRY KAY;<br><br>ALTAF SHARIF;<br><br>MATT DRAGON;<br><br>ERIC CAMINS;<br><br>JANE DOE; and<br><br>JOHN DOE,<br><br>              *Defendants*. | No. 2:25-cv-16049<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING CRIMINAL INVESTIGATION** |

## INTRODUCTION

Plaintiff United States of America respectfully submits this reply in support of its motion to stay all proceedings in this civil action pending the resolution of a related criminal investigation and in response to the Defendants' oppositions.

The United States commenced this civil action on September 29, 2025. Thus far, the litigation remains in its very early stages, prior to any discovery

requirements or motions practice beyond the instant motion to stay and Defendants' 12(b)(6) motions to dismiss.

**ARGUMENT**
**THE UNITED STATES' ON-GOING CRIMINAL INVESTIGATION STRONGLY MILITATES IN SUPPORT OF A STAY**

Federal courts possess broad discretion to stay civil proceedings when doing so serves the interests of justice, particularly in cases involving parallel criminal matters. In this case, the Civil Rights Division's Criminal Section has assigned an attorney, and the FBI has opened a criminal investigation into the same incident that underlies the civil complaint. As part of the investigation, it is expected that the FBI will examine and consider many of the same witnesses, scenes, videos, and documents as are relevant to this civil matter. When the factual scenarios to be investigated arise out of the same incident, the Court need not wait for entanglements between cases to occur. Rather, a stay prevents the entanglements from occurring in the first place, ensuring the integrity of both the criminal and civil cases. "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution . . .." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

In *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 27 (D.N.J. 1998), the court outlined factors for evaluating stays in parallel

proceedings.[1] Primary among those factors is the extent to which the issues in criminal and civil cases overlap. *Id.* ("The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay.") (quoting M. Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989)). Since the criminal investigation and civil lawsuit arise out of the same events, the overlap here far exceeds the threshold required to support a stay.

While an indictment may indicate "the strongest case" for a stay, *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375-76 (1980), it is not a prerequisite to a stay as *Walsh Securities* itself makes clear. *Walsh Sec.*, 7 F. Supp. at 527 (pre-indictment stay may issue "if the government is conducting an active parallel criminal investigation."). Indeed, once the government secures an indictment, the government has shown its hand and put defendants on notice as to what facts may create a "link in the chain of evidence" that may be incriminating for Fifth Amendment purposes. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The *Hoffman* Court overturned a criminal contempt conviction of a pre-indictment

---

[1] The *Walsh Securities* factors, noted in Plaintiffs and Defendants' briefs are 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. *Id.* at 526-27.

grand jury witness who had asserted his Fifth Amendment privilege against self-incrimination. In finding the assertion proper, the Court noted that one of the circumstances the District Court should have considered was that the prosecutor described the breadth of his investigation as running "the gamut of all crimes covered by Federal statute." *Id.* at 487. Pre-indictment, the Defendants herein are in much the same situation, unaware of the limits of the government's investigation and therefore unaware of the incriminating links they may forge if this matter moves forward.

    All of the above having been said, the United States concedes that a stay need not issue prior to the adjudication of Defendants' motions to dismiss, ECF 62-66, because proceedings on those motions do not require any factual statements from the Defendants. *See Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991) (on a motion to dismiss, courts "must assume the truth of the material facts as alleged in the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."). If, however, Defendants' motions to dismiss are denied, United States respectfully submits that in order to protect Defendants' rights any discovery should be stayed pending the resolution of the criminal matter. And while the United States, of course, cannot assert the Defendants' rights for them, the United States will

4

regard continuing objection to a stay as a waiver of an attempt to assert a Fifth Amendment privilege as this case proceeds. *Cf. Kordel*, 397 U.S. at 11-12 (criminal defendants could not complain of unfair use of incriminatory statements made during civil discovery proceedings in case brought by the FDA when the government had not "failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution").

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its motion and stay all proceedings pending resolution of the related criminal investigation.

DATED: March 9, 2026.                    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney
General Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney
General Civil Rights
Division

 /s/ Gregory Dolin
GREGORY DOLIN
Senior Counsel
Civil Rights Division
U.S. Department of Justice
950 Constitution Ave., NW
Washington, DC 20530
202-598-9251
gregory.dolin@usdoj.gov