# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY**, **AMERICAN MUSLIMS FOR PALESTINE NEW JERSEY**, **TOVA FRY** a/k/a TERRY KAY, **ALTAF SHARIF**, **MATT DRAGON**, **ERIC CAMINS**, JANE DOE and JOHN DOE, <br><br> Defendants. | Hon. Katherine S. Hayden, U.S.D.J. <br><br> Hon. José R. Almone, U.S.M.J. <br><br><br> Civil Action No. **2:25-cv-16049** |

---

## REPLY BY DEFENDANT ALTAF SHARIF
## IN SUPPORT OF MOTION TO DISMISS

---

Defendant Altaf Sharif, through his undersigned counsel, hereby submits this Reply in support of his Motion to Dismiss (Doc. #65), responding to the contentions by the Government in its opposition brief (Doc. #82) and demonstrating that Plaintiff has failed to plead a plausible theory to support its claim under the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248(a)(2), that Sharif engaged in the use of force and physical obstruction to interfere with two people, David

Silberberg and Moshe Glick, allegedly seeking to exercise their First Amendment right of religious freedom at a place of religious worship on the night of November 13, 2024.  As more fully discussed below, it is Plaintiff, not Defendant Sharif, that has introduced, incorporated, and relied upon video imagery in its very own pleadings to allege the FACE Act violation at issue against Sharif, and having incorporated and relied on that video imagery in its complaint, Plaintiff cannot now ignore the incontrovertible truth in that video, that is, the fact that no force, obstruction, or interference occurred "at a place of religious worship."

## **REPLY**

The Government's opposition brief attempts to make the most it can out of the overheated hyperbole in Plaintiff's Complaint (Doc. #1) in the hopes that the plainly false words of the pleading will overcome the truth demonstrated in the video that Plaintiff has directly incorporated into its pleadings in freeze-frame screenshots that are narrated with present-tense captions characterizing what is seen in the actual video itself.

Thus, for example, to demonstrate the allegation that "Sharif used the vivuzela as a weapon," the Complaint presents a screenshot of the video at timestamp 20:49:12:11 in "4- Full Incident.mp4":



(Compl. ¶ 46, "Glick grabs and swats away Sharif's vuvuzela.")

Similarly, to demonstrate the allegation that Sharif "charged towards" Glick, the Complaint presents a screenshot of the video at timestamp 20:49:13:06 in "4-Full Incident.mp4":



(Compl. ¶ 48, "Sharif charges at Glick and Glick retreats in fear.")

Next, to demonstrate the allegation that "Sharif then brought his left hand over Silberberg's right shoulder, joining his hands behind Silberberg's neck, thus encircling Siberberg in a neck ghold," the Complaint presents a screenshot of the video at timestamp 20:49:26:12 in "4- Full Incident.mp4":



(Compl. ¶ 54, "Sharif places Silberberg in a neck hold.")

And finally, to demonstrate the allegations that "Sharif dragged him down a hill from the synagogue's front lawn toward the synagogue's parking lot" and then "flipped Silberberg over and drilled Silberberg's head into the ground," the Complaint presents a screenshot of the video at timestamp 20:49:32:06 in "4- Full Incident.mp4":



(Compl. ¶¶ 55-56 "Sharif drills Silberberg's head into the ground.")

These present-tense narrations of cherry-picked freeze-frames of the content within "4- Full Incident.mp4" are inconsistent with and directly contradicted the video as a whole and with the incontrovertible fact of which the Court can take

judicial notice that the incident involving Sharif did not take place on "the synagogue's front lawn" or anywhere near the synagogue's entrance, nor indeed near "the synagogue's parking lot":



(Google Maps.[1])

---

[1] As noted in Sharif's initial memorandum in support of his motion, the Court may take judicial notice of the location of a property through consideration of a Google Maps image. *See, e.g.*, *Sondhi v. McPherson Oil Co.*, No. 20-13986, 2021 U.S. Dist. LEXIS 222302, at *8 n.5 (D.N.J. Nov. 17, 2021) (taking judicial notice of a property's location using Google Maps); *Weems v. Curry*, No. 14-7575, 2014 U.S. Dist. LEXIS 171404, at *1 n.1 (D.N.J. Dec. 11, 2014) (same).

**I.**    **The Video File "4- Full Incident.mp4" Is Not Extrinsic Evidence Introduced By Sharif And It Can Be Considered On This Rule 12(b)(6) Motion.**

The Government's argument against consideration of the video files submitted with Sharif's motion rests on a false premise that Sharif is "introducing extrinsic evidence" through his reliance on videos obtained from law enforcement.[2] *See* Opp'n at 30.  However, as is clear from the Complaint itself, it is not Sharif who "introduced" the video of the demonstration, but rather the Plaintiff itself through the screenshots that the Government has selectively captured and pasted into the pleadings.  And as the Third Circuit has made clear, this Court may look beyond the pleadings and "consider document[s] integral to or explicitly relied upon in the complaint," or any "undisputedly authentic document that a defendant attaches as an

---

[2] All of the video files submitted by Sharif were provided by law enforcement, *see* Teisch Decl., ¶ 13, Rygus Decl., ¶ 4, but it is apparent from the video itself that the "4- Full Incident.mp4" video file is not a police officer's body-worn camera footage, but rather is a video shot at the demonstration showing the events of the demonstration on the sidewalk of Pleasant Valley Way.  Regardless of its provenance, it is this video file—"4- Full Incident.mp4"—that demonstrates the falsity of Plaintiff's allegations, and the Court need not consider any of the rest of the video files, which were provided for the sake of completeness and in the interest of transparency with the Court.  Moreover, the Government has failed to rebut the point in Shariff's opening brief that the screenshots contained in the Complaint come directly from the "4- Full Incident.mp4" video file.  Thus, there is no dispute of fact or authenticity as to that video, and the Court may therefore consider the full video file in connection with this motion.  *See, e.g.*, *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir.1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993))).

exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pinkney v. Meadville Pa.*, No. 21-1051, 2022 U.S. App. LEXIS 13824, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (quoting *In re Asbestos Prods. Liab, Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016)).

There is no warrant for a theory of "unfair surprise" or "blindside argument" from consideration of the video file "4- Full Incident.mp4" in light of the fact that this very video recording is what Plaintiff itself relied upon and incorporated into its Complaint, and as such, "it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint." *Guimaraes v. Metal Transp., LLC*, 790 F. Supp. 3d 389, 397 n.4 (M.D. Pa. 2025) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014)). As the Third Circuit explained in *Schmidt*, a plaintiff should not "be able to evade accountability for such documents simply by not attaching them to his complaint." 770 F.3d at 250.

In light of Plaintiff's own decision to incorporate the video into its pleadings, the Court can, and must, take into its consideration the facts shown in the video file. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that a trial court "must consider" documents "incorporated . . . by reference" and matters subject to judicial notice when considering a Rule 12(b)(6) motion); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002).

## II.    The Video File Incontrovertibly Demonstrates That No Obstruction Or Interference Occurred "At A Place Of Religious Worship."

The FACE Act provision at issue in this civil case is the criminal prohibition against anyone who "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship."  18 U.S.C. § 248(a)(2).  The Act defines the phrase "physical obstruction" as meaning conduct "rendering impassable ingress to or egress . . . from a place of religious worship, or rendering passage to or from such a . . . place of religious worship unreasonably difficult or hazardous."  *Id.* § 248(e)(4).

Under these provisions, the video file which Plaintiff itself incorporated into its pleadings demonstrates that, at no moment during Sharif's involvement in the demonstration on the night of November 13, 2024, did he do anything that rendered the Congregation Ohr Torah synagogue impassable to ingress or egress or that made passage to or from the synagogue unreasonably difficult or hazardous.  This is because Sharif never got close to the synagogue, and the video file proves that fact. Indeed, Sharif was never on "the synagogue's front lawn" or anywhere near the synagogue's entrance, and the parking lot where Sharif and Silberberg ended up after rolling down the embankment from the sidewalk along Pleasant Valley Way was not "the synagogue's parking lot," but rather a back parking lot for the other businesses

that are located in the same building where the synagogue is located on the opposite side. *See Esco v. City of Chicago*, 107 F.4th 673 (7th Cir. 2024) (holding that when an exhibit, including a video exhibit, "incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss" (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)); *McLaurin v. County of Erie*, No. 1:21-cv-00322 (SPB)(RAL), 2022 U.S. Dist. LEXIS 81448, at *12 (W.D. Pa. May 4, 2022) (holding that "when a video attached or referred to in a complaint 'clearly contradicts' the plaintiffs [sic] factual allegations, the video controls").

The video file demonstrates the indisputable fact that Sharif did not "join[] a mob that broke through a police line," nor did he "march[] on the Congregation Ohr Torah synagogue property," and he most certainly did not "physically obstruct[] Jewish worshipers from accessing" a place of religious worship.[3] *Compare* Compl. ¶ 12 *with* "4- Full Incident.mp4" video file. The Plaintiff's allegations are entitled

---

[3] The Government has wisely not attempted to argue that Sharif's confrontation with Glick and Silberberg well away from the entrance to the Congregation Ohr Torah synagogue, and indeed, not even within sight of the synagogue, meets the statutory element of force or obstruction "at a place of religious worship." Any attempt to stretch the FACE Act's criminal prohibition to encompass off-site events nowhere near an entrance to a place of religious worship would have no limiting principle and would raise grave free speech and due process concerns. *Cf. Boos v. Barry*, 485 U.S. 312, 322 & 330 (1988) (striking down or limiting portions of D.C. ordinance aimed at protecting foreign embassies and consulates from protest demonstrations).

to no credence because they are utterly implausible in the face of the video file that Plaintiff itself has incorporated into its pleadings. *See Romero v. City of Lansing*, 159 F.4th 1002 (6th Cir. 2025) (crediting video evidence at the 12(b)(6) stage when it "blatantly contradicts or utterly discredits the plaintiff's version of events").

As a result, Plaintiff's allegation of a FACE Act violation by Sharif is implausible and should be dismissed.

## CONCLUSION

In light of the foregoing and the arguments previously set out in his initial brief in support of his motion to dismiss, as well as the arguments of the other defendants to the extent they are germane to the claim against Sharif, Defendant Altaf Sharif respectfully requests that the Court dismiss this Complaint in its entirety.

Dated:        March 30, 2026

Respectfully submitted,

Luna Droubi
BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue PH/26th Fl.
New York, New York 10016-1601

Jeremiah Rygus
Christopher P. Beall
RECHT KORNFELD, P.C.
90 Broad Street, Suite 703
New York, New York 10004
*Attorneys for Defendant Altaf Sharif*