UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY, AMERICAN  MUSLIMS FOR PALESTINE NEW JERSEY, TOVA FRY a/k/a TERRY KAY, ALTAF SHARIF, MATT DRAGON, ERIC CAMINS, JANE DOE, and JOHN DOE,<br><br>Defendants. | Civil Action No. 2:25-CV-16049<br><br><br>**MOTION DATE APRIL 6, 2026** |

**MEMORANDUM OF LAW REPLYING TO PLAINTIFF'S COMBINED OPPOSITION IN SUPPORT OF MATT DRAGON'S MOTION TO DISMISS COMPLAINT -- Fed.R.Civ.Pro. 12(b)(6)**

## TABLE OF CONTENTS

Introduction ………..…………………….................................................. 2

I.    Plaintiff's Repeatedly Chanting 'Led' Without Any
      Factual Support Is A Paradigmatic Iqbal Violation
      That Requires Dismissal ……………………………………………. 2

II.   Plaintiff Has Failed to Even Plead That Dragon
      Violated Any of the FACE Act's Elements................................... 3

III.  The Plaintiff Fails To Genuinely Dispute Dragon's First Amendment
      Protections For His Speech……………………………………………4

IV.   Conclusion ...................................................................................... 5

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662.  (2009) ……........................................... 2

Bernini v. City of St. Paul, 665 F.3d 997 (8th Cir. 2012) ……………………….. 4

Bruni v. City of Pittsburgh, 824 F.3d 353 (3d Cir. 2016) ......... ……….............. 4

Connelly v. Lane Constr. Co., 809 F.3d 780 (3d Cir. 2016) ... ……..…............. 5

Santiago v. Warminster Twp. 629 F.3d 121(3rd Cir. 2010) ……………………… 2

### Statutes

18 U.S.C. § 248(e)  ...................................................................................3,4

Defendant Matthew Dragon submits this reply in support of his motion to dismiss the Complaint (Dkt. 1) in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Dragon joins in the arguments of his codefendants to the extent they are not inconsistent with his own,  and states as follows:

### INTRODUCTION

The Plaintiff's opposition confirms what Dragon's motion demonstrated:  The Plaintiff cannot plead a single fact showing that Dragon violated the FACE Act. Bereft of facts, the opposition simply repeats the same conclusory allegation that Dragon "led" the protests without a word about what Dragon actually did.  This is precisely the kind of formulaic allegation that both the Supreme Court (Iqbal and Twombly) and the Third Circuit (Connelly) have abjured.

I.    PLAINTIFF'S REPEATEDLY CHANTING 'LED' WITHOUT ANY FACTUAL SUPPORT IS A PARADIGMATIC IQBAL VIOLATION THAT REQUIRES DISMISSAL.

Plaintiff has entirely failed to cure the fatal deficiency in the Complaint – the repeated, conclusory claim that Dragon "led" the protest without any allegations describing how he exercised leadership by word or deed. The tenet that a court must accept allegations in a complaint as true does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Third Circuit has squarely rejected allegations using conclusory terms such as "led" in a supervisory liability context. Santiago v. Warminster Twp. 629 F.3d 121, 128-129 (3rd Cir. 2010).  Allegations

2

that someone "led" or "directed" unlawful conduct require facts showing the defendant actually directed others to act illegally.  Anything less is a [t]hreadbare recital of the elements" of supervisory liability and undeserving of the assumption of truth. Ashcroft v. Iqbal, *supra*, 556 U.S. at 678.

Here, Plaintiff alleges that Dragon "led a mob that broke through a police line, defied lawful orders to stop, and marched onto synagogue property with intent to intimidate and obstruct Jewish worshipers, preventing access to the religious event at the Congregation Ohr Torah Synagogue." [Dkt. 1, ¶ 72] without a hint of what he did or said to achieve any of this.  Repeating the word "led" four times without any description of an act, [¶¶ 13, 40, 65 72] merely exposes it as conclusory.

II.    PLAINTIFF HAS FAILED TO EVEN PLEAD THAT DRAGON VIOLATED ANY OF THE FACE ACT'S ELEMENTS.

The FACE Act sought to draw a clear line between constitutionally protected assertive speech and assertive protest on the one hand, and actual physical interference on the other.  The Act prohibits physical obstruction, force, threat of force, intentionally accomplished or intended injury, intimidation, interference with movement into or out of a place of worship. 18 U.S.C. § 248(e)(2), (3), and (4). Dragon did none of these and the complaint fails to allege a single fact showing that he did.  Plaintiff's desperation to buttress this weak position is exposed by their disturbing assertion that an Eighth Circuit decision holds that "breaking through a

police line" is, "by definition," the use of force.  <u>Bernini v. City of St. Paul</u>, 665 F.3d 997, 1006 (8th Cir. 2012) does not say that and cannot be contorted to imply it.  The decision nowhere characterizes demonstrators' movement toward or pressure on a police line as "force" in the sense relevant here, let alone under the FACE Act.  <u>Bernini's</u> analysis focuses on law enforcement tactics, not on protester liability, and simply concludes that the **<u>officers'</u>** force was reasonable under the Fourth Amendment and grounds for a qualified immunity defense in light of the officers' perceptions.  By wrenching that discussion out of context and recasting it as a definition of protester "force," the Plaintiff distorts <u>Bernini</u> beyond recognition and egregiously attempts to smuggle into § 248(a)(2) a sweeping conception of "force" that the case itself never endorsed.

III.    THE PLAINTIFF FAILS TO GENUINELY DISPUTE DRAGON'S FIRST AMENDMENT PROTECTIONS FOR HIS SPEECH.

The Complaint's empty incantations of the bare elements of a cause of action ignore the statute's frank recognition of the care Congress expected would be taken to avoid impermissibly limiting protected speech.  Relying extensively on generalized assertions and conclusory restatements of the elements of the causes of action ignores the statutory definitions of "interfere with", "intimidate", and "physical obstruction" to ensure that this law would not be misused to stifle political dissent. <u>Bruni v. City of Pittsburgh</u> 824 F.3d 353, 366-367 (3d Cir. 2016).

IV.     CONCLUSION

"Mere restatements of the elements of a claim are not entitled to the assumption of truth." Connelly v. Lane Constr. Corp. 809 F.3d 780, 787 (3rd Cir. 2016).  The fact that the Plaintiff is the United States does not make so barren a claim any more entitled to the assumption of truth than the naked claims made by any other plaintiff.

This Complaint should be dismissed with prejudice.

Respectfully submitted,


Dated:  March 30, 2026          By:  /s/ Renée Steinhagen

Renée Steinhagen, Esq.
NJ Appleseed
23 James Street
Newark, NJ 07102
973-735-0523
renee@njappleseed.org

Mark Kleiman, Esq.
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel:  310-392-5455
Fax: 310-306-8491
Email:  mark@krlaw.us
*(Admitted pro hac vice)*

Attorneys for Defendant

MATT DRAGON

5