## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>PARTY FOR SOCIALISM AND LIBERATION NEW JERSEY, AMERICAN MUSLIMS FOR PALESTINE NEW JERSEY, TOVA FRY a/k/a TERRY KAY, ALTAF SHARIF, MATT DRAGON, ERIC CAMINS, JANE DOE, and JOHN DOE,<br><br>*Defendants.* | No. 2:25-cv-14069<br><br>Hon. Katharine S. Hayden, U.S.D.J. |

### BRIEF IN SUPPORT OF MOTION OF STANDWITHUS AND FIRST LIBERTY INSTITUTE FOR LEAVE TO APPEAR AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF

Mark Roselli
ROSELLI GRIEGEL LOZIER, P.C.
1337 State Highway 33
Hamilton Square, NJ 08690
Telephone: 609-586-2257
Email: mroselli@roselligriegel.com

Jeremiah G. Dys*
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: 972-941-4444
Email: jdys@firstliberty.org
*Pro hac vice application forthcoming*

*Counsel for Proposed Amici Curiae*
*StandWithUs and First Liberty Institute*

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................... i

TABLE OF AUTHORITIES................................................................................................. ii

INTERESTS OF AMICUS CURIAE..................................................................................... 1

ARGUMENT........................................................................................................................ 2

    I.   The proposed amicus brief will assist the Court in understanding the religious nature of the Aliyah event and the ordinary routes of Jewish worshipers as protected by 18 U.S.C. § 248(a)(2). ........................................... 4

    II.  Several parties have consented to the filing of the brief, and no party has objected. ........................................................................................................ 5

    III. The proposed *amici* have a special interest in this particular case, given their unique experience combatting antisemitism and protecting religious liberty in similar contexts. ................................................................. 6

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Granillo v. FCA US LLC,* No. 16-153, 2018 U.S. Dist. LEXIS 167693 (D.N.J. Sept. 28, 2018) .......................................................................................... 3

*Hospira, Inc. v. Sandoz, Inc.,* *4, 2014 WL 794589 (D.N.J. Feb. 27, 2014) ........... 3

*Kyocera Document Solutions America, Inc. v. Division of Administration*, 708 F.Supp.3d 531 (D.N.J. 2023) ................................................................... 3

*Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002) ................... 6, 7

*Waste Management, Inc. v. City of New York*, 162 F.R.D. 34 (M.D. Pa. 1995) .. 3, 4

*Wortham v. KarstadtQuelle AG*, 153 F. App'x 819 (3d Cir. 2005) ........................ 3

**Statutes**

18 U.S.C. § 248(a)(2). ...................................................................................... 4, 7

**INTERESTS OF AMICUS CURIAE**

StandWithUs is a nonprofit, nonpartisan educational organization dedicated to educating the public about Israel and combating antisemitism. Its legal arm, StandWithUs Saidoff Law, works to address anti-Jewish discrimination, harassment, and interference with Jewish religious life. Since its founding in 2015, StandWithUs Saidoff Law has received thousands of reports from Jewish individuals and institutions across the United States who have faced intimidation, exclusion, and harassment because of their Jewish identity or their participation in Jewish communal and religious activities. In response, the organization has used a range of legal tools to protect these individuals and institutions. Notably, StandWithUs's partner organization, the StandWithUs Center for Legal Justice, was among the first to bring claims under the FACE Act on behalf of Jewish individuals.

First Liberty Institute ("First Liberty") is a nonprofit, public interest law firm dedicated to defending religious liberty for all Americans through pro bono legal representation of individuals and institutes of diverse faiths— Catholic, Protestant, Muslim, Jewish, the Falun Gong, Native American religious practitioners, and others. First Liberty has won several religious freedom cases at the U.S. Supreme Court, including *Olivier v. City of Brandon*, 607 U.S. ___ (2026); *Groff v. DeJoy*, 600 U.S. 447 (2023); *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022); *Carson v. Makin*, 596 U.S. 767 (2022); and *American Legion v. American Humanist*

1

*Association*, 588 U.S. 29 (2019). First Liberty has significant experience litigating under the Freedom of Access to Clinic Entrances Act ("FACE Act"), including in *Christian & Jewish Alliance v. Brunner, et al.*, No. 25-cv-02992 (S.D. Cal. Nov. 4, 2025) and *Heartbeat of Miami, Inc. v. Jane's Revenge, et al.*, No. 23-cv-705 (M.D. Fl. (Mar. 29, 2023). First Liberty Institute's counsel Jeremy Dys has also presented testimony to Congress as an expert on the FACE Act.[1] As a nonprofit committed to protecting First Amendment freedoms, First Liberty can assist the Court in drawing the proper balance here.

## ARGUMENT

The Court should grant the motion for leave to file an amicus brief on behalf of StandWithUs and First Liberty Institute for three reasons: (1) the brief will assist the court in understanding discrete issues at the core of this case which were raised but not fully expounded by the parties; (2) no party has objected to the filing of the brief, and several parties have consented; and (3) the proposed *amici* have a special interest in this particular case given their unique experience combatting antisemitism and litigating under the FACE Act.

---

[1] Written Testimony of Jeremy Dys, Senior Counsel, First Liberty Institute, Before the Subcommittee on the Constitution and Limited Government of the Committee on the Judiciary, https://docs.house.gov/meetings/JU/JU10/20230516/115924/HHRG-118-JU10-Wstate-DysJ-20230516.pdf.

District court judges have discretion to allow the filing of amicus briefs and are guided by Fed. R. App. Proc. 29, "which governs the appearance of amici in the circuit courts." *See Granillo v. FCA US LLC,* No. 16-153, 2018 U.S. Dist. LEXIS 167693, at *4 (D.N.J. Sept. 28, 2018) ("There is no rule in the district court governing the appearance of an amicus curiae"); *Kyocera Document Solutions America, Inc. v. Division of Administration*, 708 F.Supp.3d 531, 542, n. 16 (D.N.J. 2023) ("Whether to grant amicus status is within the broad discretion of the district court."); *Wortham v. KarstadtQuelle AG*, 153 F. App'x 819, 827 (3d Cir. 2005) (affirming district court's denial of motion to strike, because "a district court's decision to accept or reject an amicus filing is entirely within the court's discretion").

In "deciding whether to permit the filing of a proposed *amicus* brief, the Court considers whether: '(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case.'" *Kyocera*, 708 F.Supp.3d at 542, n. 16 (quoting *Granillo,* 2018 WL 4676057 at *4). The Court may grant leave to file an amicus brief if "a court desires assistance in the understanding of an issue, and if the information offered is timely and useful." *See Hospira, Inc. v. Sandoz, Inc.,* *4, 2014 WL 794589 (D.N.J. Feb. 27, 2014); *see also Waste Management, Inc. v. City*

3

*of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (granting motion for leave to file amicus brief; amici can have "range of roles: from a passive one of providing information to a more active participatory one").

> I.    **The proposed amicus brief will assist the Court in understanding the religious nature of the Aliyah event and the ordinary routes of Jewish worshipers as protected by 18 U.S.C. § 248(a)(2).**

The Complaint alleges that the religious event at issue included prayer, a religious memorial service, a Torah sermon, religious songs with biblical verses, prayerful dancing, and educational activities concerning a religious obligation connected to the Jewish ancestral homeland of Israel, which all occurred at a synagogue. Defendants ask the Court to treat that event as outside the protection of the FACE Act by recharacterizing it as nonreligious. The resolution of this issue will have an impact well beyond the instant case. While the issue is squarely raised by the parties, the Court would benefit from the proposed *amici*'s fulsome explanation of the religious nature of "Aliyah" and "Shloshim," citing credible historical and religious sources. The Government's brief opposing motions to dismiss includes a footnote with a short definition of "Aliyah" but does not cite Hebrew sources or explain the religious significance of this concept. Dkt. 82, at 9 n.2.

StandWithUs and First Liberty also offer a perspective not supplied by the parties. While the United States and the Defendants present arguments concerning the statute's meaning and implementation, StandWithUs and First Liberty provide

significant institutional experience concerning the actual practice of Jewish religious observance, the mischaracterization of Jewish identity and customs by those with hostile agendas, and the frequent targeting of Jewish worship in integrated forms that combine prayer, study, mourning, song, and communal gathering. *Amici* therefore submit this proposed brief on two limited issues which the Court will likely find useful: first, the traditional Jewish meaning of Aliyah ("going up" or the religious obligation to live in the Land of Israel) and Shloshim (Jewish mourning observance); and second, the way synagogue life extends to the synagogue grounds and the ordinary routes by which worshipers enter and leave.

**II.    Several parties have consented to the filing of the brief, and no party has objected.**

While the Court has discretion to grant a motion for leave to file an amicus brief over a party's objection, it should take note that no party has objected to this filing. Plaintiff United States of America consents. Defendants Dragon and Camins also consent. Defendants Sharif, Fry, and American Muslims for Palestine New Jersey take no position on the motion for leave. Defendant Party for Socialism and Liberation New Jersey and Jane Doe and John Doe did not respond to counsel for *amici*'s timely request for consent. Thus, the Court should consider that even in a complex multi-party litigation, none of the parties have voiced an objection to the

5

filing of this amicus brief, though counsel for *amici curiae* gave them ample opportunity to do so.

### III. The proposed *amici* have a special interest in this particular case, given their unique experience combatting antisemitism and protecting religious liberty in similar contexts.

Under the "special interest" factor, district courts often grant leave to file amicus briefs where there is a strong, proven interest in the subject matter of the litigation that is not otherwise represented by the parties. *See Kyocera*, 708 F.Supp.3d at 542 n.16 (granting leave to file where proposed *amicus* had "record of robust advocacy against Russia's aggression on behalf of the Ukrainian people" that constituted "special interest," and its "forceful description of Russia's aggression in Ukraine" was not presented by the parties). The Third Circuit has held that "an amicus may provide important assistance to the court," finding that "[s]ome friends of the court are entities with particular expertise not possessed by any party to the case," and "still others explain the impact a potential holding might have on an industry or other group." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002).

StandWithUs and First Liberty both have a special interest in the narrow question presented here: whether the FACE Act protects religious exercise at a place of worship despite attempts by opponents to redefine that worship as nonreligious. The parties' briefing does not expound on the implications of this Court's decision

6

on religious liberty. Because the provision of the FACE Act which protects places of religious worship, 18 U.S.C. § 248(a)(2), has not been litigated very often, there is a lack of case law to guide the Court on how its terms should be defined and applied. Thus, First Liberty and StandWithUs can assist the Court by providing additional context and research, drawing from their extensive experience in protecting religious liberty, particularly for Jews who are facing antisemitic attempts to recast their beliefs and practices. As the Third Circuit found in *Neonatalogy Associates*, these organizations have "particular expertise not possessed by any party," and the proposed brief also explains the "impact" that the Court's holding may have on Jews across the United States as well as other religious groups whose practices are commonly misconstrued. 293 F.3d at 132.

This amicus brief is timely because Defendants' pending motions place the religious character of the event and the scope of the statutory phrase "place of religious worship" squarely before the Court. This brief is also useful because it addresses questions about religious exercise and places of worship that cannot be answered accurately without a proper understanding of the way Jewish religious life is actually lived in Orthodox communities. Finally, StandWithUs and First Liberty have no personal stake in damages, penalties, or party-specific relief. Their interest is to assist the Court in the correct articulation and application of the governing law,

so that Jewish religious exercise is evaluated as Jews actually practice it, not as outsiders recast it.

## CONCLUSION

For the foregoing reasons, this Court should grant StandWithUs and First Liberty Institute's motion for leave to appear as *amici curiae* and accept the attached amicus brief for filing.

Dated:  April 6, 2026

Respectfully Submitted,

*/s/ Mark Roselli*
Mark Roselli
ROSELLI GRIEGEL LOZIER, P.C.
1337 State Highway 33
Hamilton Square, NJ 08690
Telephone: 609-586-2257
Email: mroselli@roselligriegel.com

Jeremiah G. Dys*
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: 972-941-4444
Email: jdys@firstliberty.org
**Pro hac vice application forthcoming*

*Counsel for Proposed Amici Curiae*
*StandWithUs and First Liberty Institute*

8